IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.M.,<br><br>        Petitioner,<br><br>    v.<br><br>TONYA ANDREWS et. al.,<br><br>        Respondents. | No. 1:25-CV-01514-DC-DMC (HC)<br><br>ORDER |

Petitioner, an immigration detainee proceeding with retained counsel, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pending before the Court is Petitioner's motion for order to show cause and extension of time, ECF No. 22. Respondents filed a response and status update, ECF No. 25, and Petitioner filed a reply, ECF No. 26.

**I. BACKGROUND**

The District Judge summarized the factual background in ECF Nos. 17 and 19. On December 4, 2025, the District Judge granted in part Petitioner's motion for a temporary restraining order, ordering:

> The court temporarily enjoins respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them, from removing Petitioner to Cameroon without first allowing him a meaningful opportunity to be heard on his fear based claim before an immigration judge in compliance with due process.

1

> Respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them, are temporarily enjoined from removing or deporting Petitioner to a third country, including Cameroon, absent court order to the contrary.

ECF No. 17, pgs. 20-21 (bullet lettering omitted).

The District Judge subsequently granted in part Petitioner's motion for preliminary injunction, on similar terms, ordering:

> Respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them, are enjoined from removing Petitioner via a third-country deportation to any country, including, but not limited to Cameroon, without providing him and his counsel meaningful notice and opportunity to assert a fear-based claim for relief from removal:
> > A minimum of ten (10) days to raise a fear-based claim for relief from removal to the identified country;
> > If Petitioner does assert a fear-based claim for relief from removal, Petitioner may not be removed to the third country without first providing him a meaningful opportunity to be heard on his fear-based claim before an immigration judge in compliance with due process . . .

ECF No. 19, pg. 13 (bullet lettering omitted).

However, the District Judge denied Petitioner's motion for preliminary injunction as to immediate release, finding the situation analogous to Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008). See ECF No. 19, pg. 7. That determination relied on Respondents' representation that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. See id. (finding "the government has met its burden of demonstrating 'a significant likelihood of removal in the reasonably foreseeable future' by providing Petitioner's Notice of Removal to Cameroon. (Doc. No. 11 at 4) (citing Zadvydas, 533 U.S. at 701). Respondents further contend that because the delay in petitioner's removal is attributable to his manifestation of fear of removal to a third country, there is no evidence of the type of undue or bad faith delay to removal that would raise the constitutional concerns addressed by the Supreme Court in Zadvydas. (Id.) Finally, Respondents assert that if they determine that Petitioner cannot be removed to Cameroon, Respondents will 'identif[y] another viable third country option' for removal. (Doc. No. 11 at 3.)).

///

///

2

On January 12, 2026, Petitioner filed the instant motion for order to show cause and extension of time to file a reply in support of petition. See ECF No. 22. Petitioner requests "a declaration clarifying the status of their previously noticed removal of A.A.M. to third-country Cameroon" pursuant to Federal Rule 7. See id. at 2. Petitioner requests an answer to the following questions:

> (1) whether Cameroon is currently willing to accept A.A.M.'s removal and indefinite residence; and
>
> (2) whether and if so, when, Respondents intend to re-open A.A.M.'s immigration proceedings so that he may be provided a meaningful opportunity to be heard before an immigration judge on his fear-based claims for removal to Cameroon.

Id. at 6.

In their response and status update, Respondents contend that

> [t]he reason the Department of Homeland Security has not continued with effectuating removal to Cameroon is the injunction issued by this Court in this case. Petitioner's remaining questions, which would ordinarily go to the question of likelihood of removal in the reasonably foreseeable future, are not germane because it is the judicial order that is preventing removal to Cameroon.

ECF No. 25, pg. 1.

Respondents further state that they are deciding whether to appeal the Court's order granting a preliminary injunction and they intend to comply with the Court's order in the meantime, but compliance "is complicated by the fact that there is no existing statutory or regulatory mechanism for presentation of reasonable fear of removal to a third country to an Immigration Judge." Id. at 2. Respondents state that they will file a status update as to Petitioner's second question within 21 days. See id.

**II. DISCUSSION**

The undersigned is concerned that Respondents' failure to re-open Petitioner's removal proceedings or take any steps in the process of removal raises a question as to Respondents' representation that there is a significant likelihood of removal in the reasonably foreseeable future and whether the delay in Petitioner's removal is attributable to Respondents' undue or bad faith delay to removal, which would raise the constitutional concerns addressed by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). Thus, the undersigned will order

Respondents to show cause why the petition should not be granted for failure to show there is a significant likelihood of removal in the reasonably foreseeable future, addressing each of the points discussed herein.[1]

Given such information directly impacts Petitioner's claims, the undersigned will grant Petitioner's request for an extension to reply to Respondents' opposition, providing Petitioner ten days from the service of Respondents' filing to file a reply.

Respondents contend that "[t]he reason the Department of Homeland Security has not continued with effectuating removal to Cameroon is the injunction issued by this Court in this case." ECF No. 25, pg. 1. However, the injunction requires that Respondents provide Petitioner a specific process prior to removing Petitioner, it does not bar Petitioner's removal entirely. See ECF No. 19, pg. 13. Even if Respondents take the District Judge's December 4, 2025, order, which *temporarily* enjoined Respondents from removing or deporting Petitioner, as halting Petitioner's removal, the District Judge explicitly stated in that order that Respondents could effectuate Petitioner's removal with a court order. See ECF No. 17, pg. 21. Taking the District Judge's orders together, it would appear that upon a showing that Respondents provided Petitioner the process outlined in ECF No. 19, Respondents could request relief from the TRO to proceed with removal. Thus, Petitioner's removal to a third country is predicated on Respondents providing Petitioner such process and Respondents' inaction is the only reason Petitioner's removal has halted. Given Respondents are in control but maintain there is a significant likelihood of removal in the reasonably foreseeable future, the undersigned will order Respondents to show cause why they have not continued with removal proceedings, in accordance with the process ordered in ECF No. 19, and direct Respondents to provide a timeline for such proceedings.

///

///

---

[1] Respondents' opposition argues the petition should be denied because Petitioner is likely to be removed within the reasonably foreseeable future and such removal does not violate the law. See ECF No. 11. Thus, a decision on the merits of the petition requires consideration of Petitioner's removal to a third country.

Respondents raise the fact that they may appeal the District Judge's order, and this Court acknowledges that pursuant to Rule 4 of the Federal Rules of Appellate Procedure, Respondents have sixty days to appeal the December 19, 2025, order. See Fed. R. App. Pro. 4 ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is: (i) the United States; (ii) a United States agency; (iii) a United States officer or employee sued in an official capacity . . ."). Upon Respondents' representation that, even if they appeal, they intend to comply with the preliminary injunction, see ECF No. 25, pg. 2, Respondents' decision to appeal should not impact Respondents' ability to show a significant likelihood of removal in the reasonably foreseeable future.

As to Petitioner's second request, Respondents contend that "[c]ompliance with the Court's order is complicated by the fact that there is no existing statutory or regulatory mechanism for presentation of reasonable fear of removal to a third country to an Immigration Judge." ECF No. 25, pg. 2. However, the District Judge addressed this issue in the December 4, 2025, order. The District Judge found that

> Petitioner was statutorily entitled to have his initial withholding claim heard in front of an immigration judge, and he was provided that opportunity. **Respondents present no reason why it would be substantially burdensome to provide Petitioner that same opportunity as to a third country with which Petitioner has no connection, and for which Petitioner has presented evidence of a credible fear-based claim for relief**.
>
> ECF No. 17, pg. 15 (citing ECF No. 12-3) (emphasis added).

Respondents again fail to explain why presenting the withholding claim in front of an immigration judge is not possible. Indeed, in their opposition to a TRO and preliminary injunction, Respondents cite a case where the Ninth Circuit reviewed the determination made by an immigration judge on a withholding claim pursuant to § 1231 (b)(3)(A). See ECF No. 11, pgs. 3, n. 2 (citing Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir. 2004)). Thus, presentation of a withholding claim pursuant to § 1231 (b)(3)(A) in front of an immigration judge is not a new process. Respondents do not explain why such process is currently unavailable. Though Respondents state that "DHS is consulting within that agency on the best practices for facilitating such a presentation," such a vague representation, without more, is insufficient. Again, given that

providing the process ordered in ECF No. 19 is necessary to proceed with removal proceedings, which would show there is a significant likelihood of removal in the reasonably foreseeable future, the undersigned will order Respondents to show cause why they have not provided Petitioner with the process ordered in ECF No. 19.

To the extent that Respondents' claim that "no mechanism" exists, is in reference to re-opening Petitioner's proceedings, the Court will order Respondents to show cause why the statutory authority and case law provided in Petitioner's reply does not allow for Respondents to re-open Petitioner's proceedings.

Finally, as to Petitioner's request to know if Cameroon is willing to accept A.A.M., Respondents provided no response. Respondents stated that "the INA authorizes the government to remove the noncitizen to any 'country whose government will accept the alien into that country.'" ECF No. 11, pg. 5 (quoting 8 U.S.C. § 1231(b)(2)(E)(vii)). However, it is not clear whether Respondents ever actually asked the appropriate representatives of the Cameroon government if they would "accept [Petitioner] into that country." Respondents relied on their notice of removal to Cameroon to show there is a significant likelihood of removal in the reasonably foreseeable future. But, Cameroon must be willing to accept Petitioner to effectuate Petitioner's removal. Thus, the undersigned will order Respondents to show that there is significant likelihood of Petitioner's removal in the reasonably foreseeable future, answering whether they have asked Cameroon to receive Petitioner and what Cameroons' response was or when they expect to receive a response from Cameroon.

### III. CONCLUSION

Based on the foregoing, the undersigned orders as follows:

1. Respondents are ordered to show cause within seven (7) days of this order, why the undersigned should not recommend granting the petition on the merits for failure to show there is significant likelihood of Petitioner's removal in the reasonably foreseeable future, addressing:

   a) Why Respondents have not continued with removal proceedings, in

accordance with the process ordered in ECF No. 19, and provide a timeline for such proceedings.

    b) Why Respondents have not provided Petitioner with the process ordered in ECF No. 19, despite immigration judges previously hearing withholding removal claims.

    c) To the extent that Respondents' claim that "no mechanism" exists is in reference to re-opening Petitioner's proceedings, why the statutory authority and case law provided in Petitioner's reply does not allow for Respondents to re-open Petitioner's proceedings.

    d) Whether Respondents have petitioned the government of Cameroon if they are willing to accept A.A.M.'s removal and indefinite residence and the particulars of their response, or if Respondents do not have an answer from Cameroon, when they expect to.

2. Petitioner may file a reply in support of the petition within ten days of Respondents' filing.

Dated: January 28, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE