IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A.A.M.,

        Petitioner,

  v.

TONYA ANDREWS et. al.,

        Respondents.

No.  1:25-cv-01514-DC-DMC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF Nos. 22, 43)

Petitioner, an immigration detainee proceeding with retained counsel, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On April 21, 2026, the magistrate judge filed amended findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within the time specified therein.  ECF No. 43.  Respondents timely filed objections to the amended findings and recommendations.  ECF No. 44.  The court has also received Petitioner's status report indicating that Petitioner's request for withholding of removal to Cameroon was granted by an Immigration Judge on May 4, 2026.  *See* ECF No. 45.

In their objections, Respondents make three arguments as to why the court should not adopt the magistrate judge's findings and recommendations.  First, Respondents argue that the six-month period of presumptively reasonable detention established in *Zadvydas v. Davis*, 533

1

U.S. 678 (2001) no longer applies because "*Zadvydas* created a workable framework for due process in the post-[final removal] order detention context, where the only remaining step in the process was removal itself," whereas here, Respondents argue Petitioner is no longer in post-order detention as "the Court ordered proceedings to be reopened so that Petitioner could present his third country claim" such that "there is no longer a final executable order of removal." ECF No. 44 at 2. Respondents' argument is unavailing, however, because as the magistrate judge emphasized, the "Supreme Court has explicitly held that opening or reopening of withholding proceedings do not impact final orders of removal." ECF No. 43 at 8 (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 540 (2021) ("Because the validity of removal orders is not affected by the grant of withholding-only relief, an alien's initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal.")). Further, Respondents' argument is directly contradicted by the regulations governing continued detention of inadmissible noncitizens beyond the removal period. 8 C.F.R. § 241.4(b)(1) ("An alien who filed a motion to reopen immigration proceedings for consideration of relief from removal, *including withholding or deferral of removal* . . . shall remain subject to the provisions of this section unless the motion to reopen is granted.").

Second, Respondents argue that *Zadvydas* does not apply because "[t]he reality is that the third country removal procedures required by the Court have lengthened the time Petitioner is spending in immigration custody" such that that court's order "creates a paradoxical situation" whereby "the government has been ordered to afford Petitioner a hearing process before an immigration judge that is moving slowly" and "this delay is now the basis of the proposed finding that the government cannot demonstrate a significant likelihood of removal in the reasonably foreseeable future." ECF No. 44 at 3. As Respondents acknowledge in their previous filings, Petitioner's order of removal became final in March 2025. ECF No. 11 at 3. Respondents informed Petitioner that he would be removed to third-country Cameroon in November 2025. *Id.* Petitioner was thus detained for eight months between the date his order of removal became final and the date Respondents identified Cameroon as the potential third-country for removal. Thus, Petitioner's detention was presumptively unreasonable under *Zadvydas* well before he sought

2

relief in this court.  Petitioner finds himself today where he was in March 2025: detained in immigration custody and subject to a final order of removal, but without a viable country for removal.  Notably, Respondents do not acknowledge that it took them eight months to identify a viable removal country, nor do they offer any evidence to suggest their process of identifying a viable removal country would proceed more expeditiously this time.  Respondents' attempt to attribute the unreasonable delay in Petitioner's removal proceedings to the four-month delay partially caused by this court's issuance of the preliminary injunction rings hollow.

Third, Respondents again contend that this court incorrectly found that the USCIS process for effectuating third country removals violates noncitizens' constitutional right to due process.  ECF No. 44 at 6–9.  As the magistrate judge emphasized, numerous courts within and outside of this district who have considered that same policy have deemed it violative of noncitizens' right to due process.  ECF No. 43 at 12–13.  Further, in the approximately two weeks between the magistrate judge's issuance of those findings and recommendations and the issuance of this order, at least four additional courts have deemed that third county removal process to be unconstitutional. *See Pacheco v. Baltazar*, No. 26-cv-01176-PAB, 2026 WL 1223414, at *4 (D. Col. May 5, 2026) ("Thus, many courts have found that ICE's third-country removal policies violate the constitutional right to due process. . . Accordingly, the Court will require respondents to provide petitioner with notice and an opportunity to challenge his removal before removing him to a third country."); *Pao Moua v. Warden*, No. 1:26-cv-02562-TLN-DMC, 2026 WL 1158841, at *3 (E.D. Cal. Apr. 29, 2026) (ordering the government to comply with third country removal procedures established in this case before noncitizen petitioner can be removed to third country); *Douangdala v. Bondi*, No. 2:26-cv-00963-DGE, 2026 WL 1113383, at *4 (W.D. Wash. Apr. 24, 2026) (same); *Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763, at *4 (same).  Respondents do not cite, and the court is not aware of, any authority finding that USCIS's third country removal policy meets constitutional muster.  Thus, again, the court finds Respondents' argument regarding the sufficiency of its third-country removal protections unavailing.

/////

3

Thus, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the amended findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1.      The amended findings and recommendations filed April 21, 2026, ECF No. 43, are ADOPTED;

2.      Petitioner's petition for writ of habeas corpus, ECF No. 1, is GRANTED;

3.      Respondents are ordered to IMMEDIATELY RELEASE Petitioner (A-226-125-913) under conditions prescribed pursuant to 8 U.S. Code § 1231(a)(3) and (7);

4.      The preliminary injunction ordered in ECF No. 19 is converted into a PERMANANT INJUNCTION;

5.      Respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them, are enjoined from removing Petitioner via a third-country deportation to any country, without providing him and his counsel meaningful notice and opportunity to assert a fear-based claim for relief from removal, which includes a minimum of ten (10) days to raise a fear-based claim for relief from removal to the identified country;

6.      If Petitioner asserts a fear-based claim for relief from removal, Petitioner may not be removed to the third country without first providing him a meaningful opportunity to be heard on his fear-based claim before an immigration judge in compliance with due process;

7.      Petitioner's motion for order to show cause and extension of time, ECF No. 22, is DENIED as moot;

8.      The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

/////

/////

8.     The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.


IT IS SO ORDERED.

Dated:   **May 8, 2026**

Dena Coggins
United States District Judge